| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | CIVIL ACTION NO.: |
| MARK MERRILL, ) <br> SUSAN MERRILL, ) <br> COREY McCRACKIN, ) <br> MATT EMERICK, and ) <br> ROB DEVLIN, ) | |
| ) | **SUMMONS** |
| Plaintiffs, ) | |
| vs. ) | |
| CONSTRUCTION PARTNERS, INC. ) <br> and EVERETT DYKES GRASSING ) <br> COMPANY, INC., ) | |
| Defendants. ) | |

TO: THE DEFENDANTS ABOVE-NAMED

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon the Plaintiffs' attorney at the below-named address an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for all of the relief demanded in the Complaint.

By: S/ Robert B. Ransom
Robert B. Ransom
SC Bar No. 11901
Leventis & Ransom
Post Office Box 11067
Columbia, SC 29211
803-765-2383

ATTORNEYS FOR THE PLAINTIFF

ELECTRONICALLY FILED - 2021 Sep 20 6:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4004730

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | CIVIL ACTION NO.: |
| | ) | |
| MARK MERRILL, | ) | |
| SUSAN MERRILL, | ) | |
| COREY McCRACKIN, | ) | |
| MATT EMERICK, and | ) | |
| ROB DEVLIN, | ) | |
| | ) | **COMPLAINT** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CONSTRUCTION PARTNERS, INC. | ) | |
| and EVERETT DYKES GRASSING | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiffs, complaining of the Defendants, allege and state as follows:

1. Mark Merrill is a citizen and resident of Richland County, South Carolina and at all times relevant to the maters alleged herein was married to and living with his wife, Susan Merrill.

2. Corey McCrackin is a citizen and resident of Richland County, South Carolina.

3. Matt Emerick is a citizen and resident of Richland County, South Carolina.

4. Rob Devlin is a citizen and resident of Richland County, South Carolina.

5. The Defendant Construction Partners, Inc. ("CPI") is a business organized and existing pursuant to the laws of a state other than South Carolina with its principal place of business located in the State of Alabama. CPI maintains agents and has an office in Edgefield County, South Carolina.

6. The Defendant Everett Dykes Grassing Company, Inc. ("Dykes") is a business organized and existing pursuant to the laws of a state other than South Carolina with its principal place of business located in the State of Georgia. Dykes is the agent, alter ego, and instrumentality through which CPI operates by performing road construction and paving services in the State of South Carolina. Details about the relationship between CPI and Dykes are found at www.constructionpartners.net, to which the public is directed by

ELECTRONICALLY FILED - 2021 Sep 20 6:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4004730

websites maintained by Dykes.

7. This Court has personal jurisdiction over CPI and Dykes because the claims and causes of action alleged herein arise out activities voluntarily undertaken for CPI by Dykes in the State of South Carolina, by which CPI and Dykes purposefully availed themselves of the privileges of conducting business here thus invoking the benefits and protections of South Carolina law, so that is it reasonably foreseeable for CPI and Dykes to be haled into the courts of this State to answer for their conduct undertaken here.

8. Acting both for its own accord and as agent for CPI, Dykes entered into a contract ("the contract") with the South Carolina Department of Transportation ("SCDOT.").

9. The contract required Dykes to perform road paving work in Richland County, South Carolina.

10. A portion of the contract work involved a paving process known as "chip-sealing," whereby a fine, aggregate stone material commonly referred to as "pea gravel" is used to resurface rural roadways.

11. Pursuant to the contract, Dykes used pea gravel to chip-seal Pincushion Road in Richland County, South Carolina.

12. Pursuant to the contract, Dykes used pea gravel to chip-seal Back Swamp Road in Richland County, South Carolina.

13. Pursuant to the contract, Dykes used pea gravel to chip-seal the intersection of Pincushion Road and Back Swamp Road ("the intersection") in Richland County, South Carolina.

14. Following its chip-sealing activities, Dykes left a large quantity of loose pea gravel on the roadway in the intersection of Pincushion Road and Back Swamp Road.

15. This loose pea gravel was an unnatural condition which was unreasonably dangerous to foreseeable users of the roadway.

16. It was foreseeable that the loose pea gravel would harm or injure members of the public who encountered it without warning.

17. While lawfully riding a bicycle, Mr. Merrill encountered the loose pea gravel in the intersection on November 6, 2020. The loose pea gravel caused Mr. Merrill to loose traction and crash, causing injuries and property damage.

18. While lawfully riding a bicycle, Mr. Devlin encountered the loose pea gravel in the intersection on November 7, 2020. The loose pea gravel caused Mr. Devlin to loose traction and crash, causing injuries and property damage.

19. While lawfully riding bicycles, Mr. McCrackin and Mr. Emerick encountered the loose pea gravel in the intersection of Pincushion and Back Swamp Roads on November 8, 2020. The loose pea gravel caused Mr. McCrackin and Mr. Emerick to loose traction and crash, causing injuries and property damage.

**FOR A FIRCT CAUSE OF ACTION**
(Negligence, Gross Negligence, Recklessness)

20. The allegations in Paragraphs 1 through 19 above are realleged as fully as if restated herein.

21. The Defendants were negligent, grossly negligent, willful, wanton, and reckless in the following particulars:

    a. failing to perform the chip-sealing work according to the contract specifications;

    b. failing to perform the chip-sealing work in a workmanlike manner;

    c. failing to perform the chip-sealing in a manner that provided for the safety of the traveling public including Mr. Merrill, Mr. McCrackin, Mr. Emerick, and Mr. Devlin.

    d. creating an unreasonably dangerous condition by leaving unmarked pea gravel in the intersection;

    e. failing to inspect the intersection and to detect the loose pea gravel;

    f. failing to sweep and blow the loose pea gravel from the intersection;

    g. failing to warn the public about the loose pea gravel or the unreasonably dangerous condition it created;

    h. failing to exercise the degree of care that a reasonable and prudent road contractor would have exercised under the circumstances.

ELECTRONICALLY FILED - 2021 Sep 20 6:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4004730

22. The unsafe and unreasonable conduct of the Defendants caused Mr. Merrill, Mr. Devlin, Mr. McCrackin, and Mr. Emerick to each suffer bodily injuries and property damage.

23. Mr. Merrill, Mr. Devlin, Mr. McCrackin, and Mr. Emerick are each entitled to recover actual and punitive damages from the Defendants in an amount to be determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION
(Breach of Warranty)

24. The allegations in Paragraphs 1 through 23 above are realleged as fully as if restated herein.

25. The Defendants impliedly warranted that the chip-sealing would be performed in a workmanlike manner.

26. Leaving loose pea gravel in the intersection is not workmanlike performance and constitutes a breach of the implied warranty.

27. The Defendants' breach of warranty caused Mr. Merrill, Mr. Devlin, Mr. McCrackin, and Mr. Emerick to each suffer bodily injuries and property damage.

28. Mr. Merrill, Mr. Devlin, Mr. McCrackin, and Mr. Emerick are each entitled to recover actual and punitive damages from the Defendants in an amount to be determined by the trier of fact.

## FOR A THIRD CAUSE OF ACTION
(Breach of Contract)

29. The allegations in Paragraphs 1 through 28 above are realleged as fully as if restated herein.

30. The contract required the intersection to be swept, blown, and cleared of pea gravel.

31. The intersection was not swept, blown, or cleared of pea gravel.

32. The condition in which the intersection was left is contrary to what is called for by the contract and amounts to a material breach of the contract.

33. Mr. Merrill, Mrs. Merrill, Mr. McCrackin, Mr. Emerick, and Mr. Devlin are intended beneficiaries of the contract.

34. It is reasonably foreseeable that a breach of the contract relating the the safety of the intersection would result in harm to third parties such as Mr. Merrill, Mrs. Merrill, Mr. McCrackin, Mr. Emerick, and Mr. Devlin.

35. The Defendant's breach of contract caused Mr. Merrill, Mrs. Merrill, Mr. McCrackin, Mr. Emerick, and Mr. Devlin to each suffer bodily injuries and property damage.

## FOR A FOURTH CAUSE OF ACTION
(Loss of Consortium)

36. The allegations in Paragraphs 1 through 35 above are realleged as fully as if restated herein.

37. During the period of his hospitalization and continuing thereafter during his convalescence, Mrs. Merrill lost the love, affection, companionship, society, comfort, solace, guidance, support, and services of her husband, Mr. Merrill.

38. Mrs. Merrill is entitled to recover actual and punitive damages from the Defendants in an amount to be determined by the trier of fact.

WHEREFORE the Plaintiffs each seek judgment against the Defendants, jointly and severally, in an amount of actual and punitive damages to be determined by the trier of fact, together with the costs of this action; and for such further legal and equitable relief as the court deems just and proper.

By:  S/ Robert B. Ransom
Robert B. Ransom
SC Bar No. 11901
LEVENTIS & RANSOM
Post Office Box 11067
Columbia, SC 29211
803-765-2383

ATTORNEYS FOR THE PLAINTIFF